# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| VS. | § | |
| | § | CRIMINAL ACTION NO. H-96-116 |
| | § | |
| ALFRED LEWIS, | § | |
| | § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND ORDER

Federal inmate Alfred Lewis, proceeding *in forma pauperis*, has filed a motion to review and correct his sentence under 18 U.S.C. § 3742.[1] (Docket Entry No. 1212). Lewis argues that his sentence is illegal because the indictment did not allege a specific drug quantity. Lewis states that the Presentence Report held him responsible for 35 grams of crack to him, but this drug quantity was never presented to the jury. As a result of this higher

---

[1] 18 U.S.C. § 3742 provides in part:

(a)  Appeal by a defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence–
    (1)  was imposed in violation of law;
    (2)  was imposed as a result of an incorrect application of the sentencing guidelines; or
    (3)  is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
    (4)  was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

drug quantity, Lewis's base level offense was increased from 26 to 30. Lewis argues that he is entitled to relief under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005).

Lewis's motion appears to be a motion to correct the sentence under 18 U.S.C. § 3742. The motion is dismissed as an unauthorized successive motion under 28 U.S.C. § 2255.

**I.     Background**

Lewis was convicted in December 1996 of conspiracy to possess crack cocaine with the intent to distribute it and of distribution, possession, and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C), and 846. He received concurrent sentences of 262 months for each count of conviction. His direct appeal was denied in June 2000. *United States v. Brown*, 217 F.3d 247 (5th Cir. 2000).

In August 2001, Lewis filed a motion under 28 U.S.C. § 2255, seeking, *inter alia*, to vacate his sentence based on his trial attorney's failure to object to the application of the "career offender" enhancement provision of U.S.S.G. § 4B1.1. (Docket Entry No. 1130). Lewis argued that using his prior state robbery conviction to enhance the sentence was improper because the robbery conviction was not a conviction for a crime of violence. This court denied his motion, noting that the Sentencing Guidelines Application Note 2 to section 4B1.2 specifically listed robbery as a crime of violence. (Docket Entry No. 1181, pp. 6-7).

On May 11, 2004, Lewis filed a motion to correct sentence, asking this court "to correct the sentence where robbery was used to enhance" his sentence. (Docket Entry No. 1208). Lewis argued that according to the November 2002 Guidelines Manual, Appendix B(3)(A), robbery was not a qualifying felony for enhancement purposes if no firearm or dangerous weapon was used in the offense and no death or serious bodily injury occurred. On November 1, 2004, this court dismissed Lewis's motion to correct sentence without prejudice, pending authorization from the Fifth Circuit Court of Appeals for him to file a successive motion in this court. (Docket Entry No. 1209).

**II.     Analysis**

A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate, or set aside a sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). This is particularly true if the relief sought is based on errors that occurred at sentencing. *Id*. The pending motion, seeking correction of the sentence, filed under section 2255. On its face, the pending motion is a second or successive motion brought by Lewis under section 2255.

Under 28 U.S.C. § 2255:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In *United States v. Gibbs*, 82 Fed. Appx. 879 (5th Cir. 2003), the Fifth Circuit considered a federal prisoner's appeal of the district court's denial of his postconviction motion filed under 18 U.S.C. § 3742(a). The district court had construed the motion as an unauthorized successive 28 U.S.C. § 2255 motion. Gibbs argued that the district court erred in recharacterizing his motion as successive. The Fifth Circuit concluded that the district court correctly determined Gibbs could not seek postconviction relief under 18 U.S.C. § 3742(a) because he had already filed a direct criminal appeal on the same ground. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). A 28 U.S.C. § 2255 motion and the § 3742 motion raised issues that could have been raised in the prior § 2255 motion. The Fifth Circuit held that Gibbs's postconviction motion was an unauthorized successive 28 U.S.C. § 2255 motion. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Lewis cannot seek postconviction relief under 18 U.S.C. § 3742(a) because he previously filed a direct criminal appeal. (Docket Entry No. 1185). The present motion is an unauthorized successive motion under 28 U.S.C. § 2255.

Whether Lewis may file and this court may consider a motion to correct his sentence must be made by a three-judge panel of the Fifth Circuit Court of Appeals. Unless and until Lewis obtains such authorization from the Fifth Circuit, this court is without jurisdiction to

consider his motion. Because no such order appears in the record of this case, this court dismisses the pending motion, without prejudice.

## III. Conclusion

Lewis's motion to correct sentence is dismissed without prejudice, pending authorization from the Fifth Circuit Court of Appeals for him to file a successive motion in this court.

SIGNED on September 28, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge